JULY TERM, 1882, No. 204.            DECEMBER 6, 1882.

## McGlaughlin *v.* Shaffer.

1. An entry on a docket of a justice setting forth "And now defendant fails to appear, therefore judgment publicly in favor of Phil. Shaffer, agent for Margaret Shaffer, the plaintiff, and against the defendant, R. Logue, with costs; debt, $299; interest to 1st February, 1880, $4 38," sufficiently shows upon its face a judgment against the defendant for $299 and interest.

2. Such judgment requires no parol testimony to explain it.

3. Where the docket entries of a justice show a judgment and an execution returned *nulla bona*, a transcript of these entries filed with a justice in another county is sufficient to support an attachment execution.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Armstrong County.*

Appeal to the Common Pleas by John McGlaughlin, garnishee of Reuben Logue, from a judgment of W. R. Dalley, a justice of the peace, in favor of Philip Shaffer, agent for Margaret Shaffer, his wife, for the sum of $299 and costs.   Plea, *nulla bona.*

At the trial before NEALE, P. J., the following facts appeared :

The plaintiff offered in evidence the docket of James Hazlett, a justice of the peace in Clarion county, containing the following entry :

"Philip Shaffer,
Agent for Margaret Shaffer, his wife,
                *v.*
Reuben Logue.

Civil suit.   October 20 summons issued to C. Sipler, C.; Ret. on Saturday, 25th day of October, 1879, at 1, P. M. Served October 20th, 1879, on the defendant by leaving a true copy of the original summons at his dwelling-house in the presence of an adult member of his family.   So ans. C. Sipler, C., on oath.   Plaintiff renders bill for horse hire, feed, &c., Phil. Shaffer sworn, amounting to two hundred and ninety-nine dollars.   And now, defendant fails to appear, therefore judgment publicly in favor of Phil. Shaffer, agent for Margaret Shaffer, the plaintiff, and against the defendant, R. Logue, with costs.

"Debt, $299 ; interest to 1st February, 1880, $4 38.

[McGlaughlin *v.* Shaffer.]

"Execution issued to C. Sipler Ret. on February 10, 1880. Ex. Ret. no goods. So ans. C. Sipler, C."

A transcript of the above record was filed by the plaintiff on the docket of W. R. Dalley, a justice of the peace of the city of Parker, Armstrong county, and an attachment execution was issued thereon April 23, 1880, and served upon the garnishee, John McGlaughlin. The justice entered judgment July 10, 1880, against the garnishee for $299 and costs. From this judgment McGlaughlin appealed.

McGlaughlin executed a bond and mortgage to Reuben Logue, February 21, 1878, for $3,755 90. This mortgage Logue assigned, February 3, 1879, to J. V. Ritts, as collateral security for a debt. When the debt was paid, Ritts, at the request of Logue, assigned the mortgage, October 2, 1879, to Ida L. Logue, wife of Reuben Logue, without consideration from her.

*James Hazlett* was called by the plaintiff and his docket produced:

"The Court : Let the record be offered. The record is in evidence. (To the witness.) Now, what is the amount of that judgment?

"Answer : Two hundred and ninety-nine dollars. That is my way of entering a judgment and that is the amount."

Counsel for defendant : "It does not say that it is a judgment."

The Court. "We will let it go in as a judgment and give you an exception." (First assignment of error.)

Counsel for plaintiff : "We propose to show by the justice that the figures entered after his written judgment in the case is in reality the amount for which he entered judgment in favor of the plaintiff and against the defendant."

Objected to, because the word preceding the figures is "debt" and not judgment.

The objection was overruled, under exception. (Second assignment of error.)

Hazlett testified that the figures were a part of the judgment, made at the time he entered the judgment.

The docket of Justice Dalley set forth : "Attachment in execution issued April 23, 1880, returnable the 30th at three, P. M., on judgment obtained before James Hazlett, one of the justices of the peace in and for the county of Clarion, for the sum of $299 and costs in favor of the plaintiff and against the defendant, Reuben Logue, showing that an execution was issued and returned *nulla*

[McGlaughlin *v.* Shaffer.]

*bona.* Transcript filed on my Docket A, No. 705, page 231, &c."

The Court instructed the jury to find for the plaintiff, subject to the point reserved, whether upon all the evidence he was entitled to recover.

December 24, 1881, verdict for plaintiff, $337 87, upon which the Court subsequently entered judgment.

The defendant thereupon took this writ, assigning for error, *inter alia,* the action of the Court in admitting the testimony of James Hazlett and in instructing the jury to find for the plaintiff.

*James P. Colter* for plaintiff in error.

There was no proof whatever that there was any judgment remaining unsatisfied before Esquire Dalley. Consequently, there was also no proof that an execution had been issued by the said justice and a return made of "no goods." We claim that, in the absence of such proof, there was no evidence that said justice of the peace had jurisdiction to issue an attachment or execution, and hence that our motion for a compulsory non-suit should have been allowed. Hagarty *v.* Seitzinger, 1 Luz. Leg. Reg., 109 ; The Borough of Little Meadows, 4 Casey, 256.

The oral testimony as to the record was improperly admitted. The record must be received as absolute verity, and speak for itself. Morris *v.* Galbraith, 8 Watts, 166 ; Withers *v.* Livezey, 1 W. & S., 433 ; Clark *v.* McComman, 7 W. & S. 469.

Esquire Dalley had no power to issue an attachment execution, on the ground that there is a judgment in the same case remaining unsatisfied before a justice of the peace in an adjoining county.

*J. M. Hunter* and *Calvin Rayburn* for defendants in error. Black *v.* Nease, 1 Wr., 433, is authority upon the main questions in this case, and was followed closely by the Court below.

December 30, 1882.—Per Curiam: The judgment of Esquire Dalley, from which the plaintiff in error appealed to the Court below, showed on its face that a transcript from the docket of Esquire Haslett had been filed with him. That transcript showed on its face a judgment against Logue for $299 and interest, $4 38. There was no necessity for the parol testimony of Esquire Hazlett to explain it. We think the instruction of the learned

Court below to the jury to find a verdict for the plaintiff was entirely right.

Judgment affirmed.